CHARLES G. DAHLGREN *vs.* ELIJAH PEALE, Trustee, &c.

According to general rules of law, the administrator of an estate, after the same has been reported insolvent, and an order for distribution made, could not pay the amount of the dividend awarded to the trustee of a bank, in the notes of the bank acquired by him subsequent to the report of the commissioners, but would be compelled to distribute and pay the amount of the dividend out of the specific fund in his hands, as administrator.

But the language of the act of the legislature of 22d of February, 1840, and of the 8th section of the act of 1843, requiring banks to receive their notes and issues at par, is so broad, that the court does not feel at liberty to disregard them, or make exceptions in favor of debts due by an insolvent's estate, where the law has made none.

The surplus of specie in the hands of the administrator, after purchasing the notes of the bank, will constitute a fund for distribution among the creditors, and cannot be otherwise appropriated.

ON appeal from the probate court of Adams county.

Peale filed his petition in the probate court of Adams county, showing that the commissioners of insolvency upon the estates of Neibert and of Neibert & Gemmell, and of Neibert, Gemmell, & Co., had reported and allowed certain claims, among others, to the late Agricultural Bank, amounting to more than $31,000; and showing judgment of forfeiture against that bank, and his appointment as trustee under the statute; shows that by the decree of said probate court, at a former term, said Dahlgren, administrator on the estate of said Neibert, was directed to pay to the party entitled upon said claims out of moneys in his hands, as administrator, a dividend of two per cent. on said claims. Prays that Dahlgren be decreed to pay to petitioner $634.15, being two per cent. on claims of said bank.

Answer admits the facts stated, and avers that he is, and has always been, ready to pay said dividend to said bank, or her legal representative, as the same is required of him by law, in the notes and issues of said bank. He has for that purpose obtained and tendered to petitioner the said dividend in the notes and issues of said bank, and is now ready and willing to pay them, and brings them into court, and tenders the same to petitioner; and upon this state of facts, the court decreed that defendant pay petitioner the amount of said dividend, from which decision defendant appeals.

Dahlgren *v.* Peale.

*Potter*, for plaintiff in error, cited and commented on Hutch. Code, 331, § 8; Ib. 328; Ib. 819; *Abbott* v. *Agricultural Bank*, 11 S. & M. 407; 4 Ib. 347; *Holloman* v. *Holloman*, 5 S. & M. 559; *James* v. *Rowan*, 6 S. & M. 393.

*Eustis*, for defendant in error, in reply, cited and commented on *Robins* v. *Norcum*, 4 S. & M. 348; 2 Eccls. R. 176; *Duncan* v. *Dahlgren*, 7 S. & M. 280.

Mr. Justice YERGER delivered the opinion of the court.

This record presents the following question. Is the trustee of a bank, whose charter has been declared forfeited, according to the act of 1843, compelled to receive from the administrator of an insolvent estate, in payment of his *pro ratâ* dividend, as reported by the commissioners of insolvency, the notes of the bank acquired by the administrator, subsequent to the date of the report? The statute, on the subject of insolvent estates, provides for a distribution of the assets among all the creditors, in proportion to the sums respectively due and owing. It likewise provides, that all the real and personal estate shall be sold, and after the order of sale, directs the appointment of commissioners, who shall receive and examine all claims against the estate, and report a list of all claims that shall be laid before them, with the sums they shall allow on each respective claim; and the probate court, after the payment of certain preferred claims, shall then proceed to order the residue and remainder of the estate, both real and personal, to be paid and distributed to and among the creditors whose claims have been examined, in proportion to the sums respectively due to each. Hutch. Code, 667, 668.

Nothing would be plainer, according to the general rules of law, than the proposition, that the administrator, after the declaration of insolvency, the report of the commissioners, and order for distribution, could not pay the amount of the dividend awarded to the trustee of the bank in the notes of the bank acquired by him subsequent to the report of the commissioners. But he would be compelled to distribute and pay the amount of the dividend out of the specific fund in his hand, as administrator.

But it is said that this rule is changed by the 2d section of the act of 22d February, 1840, Hutch. Code, 328, which declares that all banks in this State, " shall, at all times, receive their respective notes at par, in the liquidation of their bills receivable, and other claims due them ; " and also by the 8th section of the act of 1843, Hutch. Code, 331, which provides that the trustees appointed under that act " shall at all times receive the issues of the banks in payment of any debts due the same." The language of these statutes is so broad, that we do not feel ourselves at liberty to disregard them, or to make an exception in favor of a debt due by an insolvent's estate, where the law has made none.

Of course the surplus of specie in the hands of the administrator that may remain, after purchasing the notes of the bank, will constitute a fund for distribution among the creditors, and cannot be otherwise appropriated by him.

Let the judgment of the probate court be reversed, and the cause remanded.